# HERCHENROEDER v. HERCHENROEDER.—192 S. W. (2d) 847.

Middle Section. November 24, 1945.

Petition for Certiorari denied by Supreme Court, March 2, 1946.

Homer B. Weimer and Andrew D. Tanner, both of Nashville, for appellant.

Keeble & Keeble, of Nashville, and Candler & Hitch, of Athens, for appellee.

HOWELL, J. The original bill in this cause was filed by Roland J. Herchenroeder against his wife, Minerva Herchenroeder, and prayed for an absolute divorce on the grounds of cruel and inhuman treatment. An amended bill was filed making additional charges that the defendant had made numerous threats against the complainant, was continually harassing him and interfering with the conduct of his business and prayed for an injunction enjoining her from coming about, telephoning or writing him and from interfering with him. This injunction was granted by the Chancellor.

The defendant filed an answer and crossbill in which she denied the material allegations of the original bill as amended, charged the cross defendant with adultery, cruel and inhuman treatment and abandonment and failure to provide and prayed for a divorce from bed and board from the cross-defendant. The complainant filed an answer to the cross-bill and denied the material allegations thereof. The complainant then filed a second amended and supplemental bill in which he made additional charges of cruel and inhuman treatment and prayed for an absolute divorce. The defendant answered and

denied the material allegations of this amended and supplemental bill.

The cause was then heard by the Chancellor and a divorce from bed and board was granted to the cross-complainant, the decree providing in part as follows:

"The Court is further of the opinion that, under the facts and circumstances shown by the record and the proof in this cause, that the prayers of the cross-bill should, for the present be granted, that is, that a divorce from bed and board be decreed to cross-complainant, Mrs. Minerva Herchenroeder, with proper provision for her separate maintenance, until the next term of this court, at which time, the parties or either of them, will be privileged to make application to the court on proper pleadings, for further and additional and final relief, based upon the testimony already introduced and such additional testimony regarding the circumstances and conditions prevailing at the time of said application, as they may deem necessary, desirable and proper, and it is accordingly so ordered, adjudged and decreed by the Court."·

. . . . . . .

"The injunction heretofore granted in this cause will remain in full force and effect, pending further orders of the Court."

This decree was entered on March 16, 1944. On December 18, 1944, the original complainant and cross-defendant, pursuant to the part of the decree above set forth, filed a petition in which it was alleged that it was impossible that a reconciliation could take place between the parties and prayed that an absolute divorce be granted. The defendant and cross-complainant filed an answer to this petition in which it was averred that by reason of the injunction which had remained in force since the

first decree, she had been prevented from contacting the complainant in an effort to determine whether or not there was a chance for them to become reconciled and prayed that the relief asked for in the petition be denied.

The cause was again heard by the Chancellor upon the entire record and further testimony of the witnesses in open Court and a decree was entered in which it was held that there was no hope for a reconciliation that a continuation of the prevailing status of the parties was not desirable and that it was for the best interests of both parties that an absolute divorce be granted and such a divorce was granted to the cross-complainant upon the grounds of cruel and inhuman treatment and the complainant and cross-defendant ordered to pay $50 per month as alimony until the further orders of the Court.

From this decree the defendant and cross-complainant has perfected an appeal to this Court and has assigned errors as follows:

"The Chancellor erred in granting an absolute divorce to Mrs. Herchenroeder over her protest, where the relief prayed for by her only sought a divorce from bed and board.

"2. The Chancellor erred in granting an absolute divorce and in failing and refusing to permit further opportunity for reconciliation between the parties without the restraint or interference of the injunction theretofore issued and kept in force by the Court."

We have examined the entire record and especially the testimony introduced at the hearings and are convicted that there is no error in the decree of the Chancellor granting the absolute divorce to the appellant.

Since the decision of Chief Justice Green in the case of Lingner v. Lingner, in 165 Tenn. 525, 56 S. W. (2d) 749, 750, it is well settled that although the prayer

of the divorce bill is only for a divorce from bed and board the Court may grant an absolute divorce if the circumstances of the case, in the discretion of the Court require it.

In that case the Chancellor said among other things:

"I have seen the complaint on the stand. I have seen the defendant on the stand. I have observed their manner and demeanor as only a trial court can. I have seen the children of the complainant on the stand. I have seen the sisters of the defendant, worthy and good women, and these good children on the stand. It is perfectly apparent to me that no reconciliation can, and will ever, take place between these people. . . . It must be apparent to everybody that observed the demeanor of these people on the stand that wounds have been opened and that it would not be in the interest of society and the marital relation, but a travesty, to grant the kind of divorce prayed in this bill. It would only prolong the situation that now ought to be stopped, and I have concluded that under the authority of Sections 4202, 4205 and 4220 of the Code (Shannon's) as construed in the case of Hackney v. Hackney, 9 Humph. [450, 452, 453] 28 Tenn., [450] on pages 452, 453, to end this marital relation. It ought to be ended and I am going to grant an absolute divorce on the ground of abandonment and failure to provide to this woman under this bill under her prayer for general relief."

In approving this holding of the Chancellor the Supreme Court said, 165 Tenn. on page 533 et seq., 56 S. W. (2d) on page 752:

"The idea underlying all these cases is that a reconciliation between the parties may be accomplished by separating them for a limited time and permitting their passions to subside. In the case before us, however, the

parties are mature. The chancellor, who had these people before him, together with their kinsfolk, has found that their mutual feelings have reached such a degree of hostility as to make a reconciliation impossible; that a limited divorce would only prolong a bad situation that society had no interest in preserving. We agree with the chancellor. This is not a doubtful case such as Rutledge v. Rutledge, supra, [37 Tenn. 554] and those that follow it. The wishes of neither party in a divorce case control the actions of the court. The court, of course, gravely considers the desires of the party wronged, but the court reserves the right to determine for itself what is best for that party. We can see no good that would accrue to either party herein by decreeing a limited divorce since no rapprochement can be expected.

"As pointed out by another court, we must take into consideration 'the mischiefs arising from turning out into the world, in enforced celibacy, persons who are neither married nor unmarried.' Burlage v. Burlage, 65 Mich. 624, 32 N. W. 866, 867. Society is not interested in perpetuating a status out of which no good can come and from which harm may result."

Further citation of authorities is not necessary.

 It is insisted by appellant that by reason the injunction remaining in effect she was prevented from contacting the appellee in any effort toward a reconciliation. We see no merit in this contention. If a reconciliation had been possible it would have been arranged between counsel or friends of the respective parties.

We find no error in the decree of the Chancellor.

The assignments of error are overruled, the decree of the Chancery Court granting an absolute divorce to the

appellant is affirmed and the cause remanded to the Chancery Court of Davidson County for any further orders as to alimony.

The appellant will pay the costs of the appeal

Affirmed and remanded.

Felts and Hickerson, JJ., concur.